JOHN S. KERSEY and JOHN P. EMERSON,

*vs.*

JOHN M. BAILEY and PENNEL EMERSON, Sheriff.

*Kent, March Term,* 1865.

Principle of relief in equity against forfeitures stated.

Executors gave a bond for payment of a legacy, subject to an agreement that any legal and proper abatement from the legacy, if ascertained before the bond became due and payable, should be credited; otherwise, that the bond should be absolute. Upon a failure to ascertain

the amount to be abated from the legacy, before the bond became due and payable,—*held*, that the failure being through default of the executors a court of equity will not extend the time for ascertaining the abatement.

BILL TO BE RELIEVED OF A FORFEITURE.—The complainants, as executors of John D. Anderson, deceased, gave to the defendant, John M. Bailey, their bond, dated April 20th, 1861, for a legacy of $500, bequeathed to him by the then testator, payable October 20th, 1861; subject, however, to an agreement that if at any time before the same should become due and payable, on the 20th day of October, 1861, it should satisfactorily appear that any abatement of said legacy was proper and legal and that such abatement ought to be made, that the amount so to be abated from this legacy should be credited on the bond; but if before the time specified for payment of the bond such abatement, if any, should not be ascertained, by agreement or otherwise, then the bond should be deemed to be absolutely due and might be collected.

The amount of the abatement was not ascertained, by agreement or otherwise, before the time specified for payment of the bond; nor had it been ascertained at the filing of the bill. The complainants claimed that by an account, passed by them as executors on the 11th of April, 1862, it appeared that a large abatement would be necessary to be made on all the pecuniary legacies. The amount of such abatement could not be now ascertained, because it was as yet doubtful what would be the amount of some of the pecuniary legacies. For, the testator had bequeathed to these executors five years' interest on all his interest paying credits, the amount of which did not appear. He had also devised to the complainant, John P. Emerson, a farm, with directions to his executors to erect certain buildings on it, at a cost not to exceed $8,000: and, if less than that sum should be required, then the difference was bequeathed to John P. Emerson as a legacy. The testator also devised

42

to another person, a farm, with directions to erect upon it certain buildings described in the will. These buildings had not been erected ; and, in consequence, the cost of the building in the first instance and the excess of the $8,000 over the cost, in one case given as a legacy, could not be ascertained. Nor was the amount of the legacy to the executors as yet ascertained.

John M. Bailey, the obligee in the bond, having pro-ceeded to collect it by execution, this bill was filed to be relieved against the limitation of time in the bond, and that further process to collect the bond should be enjoined until the amount to be abated from Bailey's legacy could be ascertained. A preliminary injunction was granted.

The cause came before the Chancellor, at the March Term, 1865, for a hearing upon the bill, answer and ex-hibits.

*C. H. B. Day* and *J. P. Comegys*, for the complainants.

*E. Saulsbury* and *N. B. Smithers*, for the defendants.

HARRINGTON, CHANCELLOR.—The ground upon which this case has been put by the complainants is the well-known principle of equitable relief against a forfeiture. Forfeitures are not favored in equity. They are regarded as a rod by which to compel the performance of a contract, but not as of the essence of the contract. A contract is bind-ing in equity as much as at law; but where a court of equity can enforce performance of the contract, it will re-lieve from penalties for not performing it strictly in the mode or time contemplated, where time is not essential and it can compensate the party relieved against by its in-terference.

Is the present a case to which this principle applies ? Are the complainants entitled to be relieved from the pay-

ment of this bond, because it is subject to an abatement, and to further time to show that it is so subject? The fact that the amount of the abatement is not yet ascertained results from the delay in erecting certain buildings directed by the executor to be erected on lands devised by him; also, from delay in ascertaining the amount of the legacies bequeathed to the executors. This delay, in each case, is the default of the complainants. They were bound by the will to erect the buildings, which, for aught that appears, they could have done. They have received and can account for the interest given to them as a legacy.

The complainants seek not so much to be relieved from a forfeiture as to have the contract time extended to enable them to establish a state of facts which will discharge the bond. This would be in plain violation of their contract which makes the time material in this respect. The non-performance of the condition, i. e. to ascertain the amount of the abatement within the time limited for payment of the bond, (October 20th, 1861,) was to make the bond absolute; and it has become so through the complainants' own default.

Under these circumstances I can perceive no ground in equity to relieve the complainants from payment of the bond according to the contract. Let the injunction be dissolved and the bill be dismissed with costs.